UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT "UNC" HILL,

    Defendant.
_____/

Case No. 21-cr-20307-GAD-KGA-3

U.S. District Court Judge
Gershwin A. Drain

## OPINION AND ORDER COMMITTING DEFENDANT HILL TO CUSTODY OF ATTORNEY GENERAL FOR COMPETENCY RESTORATION

On May 5, 2021, a grand jury charged Defendant Robert "Unc" Hill, and five co-defendants, in a seventeen-count indictment regarding a drug conspiracy. ECF No. 1. Mr. Hill and his codefendants were charged in a superseding indictment on September 14, 2021. ECF No. 75.

Mr. Hill made his initial appearance on June 24, 2021. ECF No. 20. He was conditionally released on bond pending trial, ECF Nos. 26, 27, and is presently still on bond. On February 7, 2022, Mr. Hill, through counsel, moved for a hearing to determine his mental competency to stand trial, which the Government joined. In

1

advance of the hearing, this Court entered a stipulated order for Mr. Hill to undergo psychological evaluation by Certified Forensic Examiner Jay S. Witherell, Ph.D. pursuant to 18 U.S.C. § 4241(a) and (b) and 18 U.S.C. § 4247(b) and (c).  ECF No. 158.  On November 22, 2022, after reviewing the record, including Dr. Witherell's report, this Court found "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(d).

Given Mr. Hill's medical status, the Court ordered the parties to submit briefing on plans for competency restoration that would allow Mr. Hill to continue his various medical treatments and that are in line with the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4247.  Through counsel Mr. Hill argues that the "[m]andatory confinement of defendants with mental disabilities for competency restoration unconstitutionally subjects them to needlessly harsh conditions considering the demonstrated effectiveness of out-of-custody competency restoration programs."  He further asserts that § 4241(d) is ambiguous as to the terms "custody" and "hospitalize," so the Court should apply the rule of lenity and construe the statute in Mr. Hill's favor.  Finally, he contends that "[t]he government's

2

inflexible approach to commitment unduly restricts the AG's discretion in violation of the statutory text and separation of powers."

Section 4241(d) provides that upon finding a defendant is incompetent to stand trial, the district court "*shall* commit the defendant to the custody of the Attorney General," who "*shall* hospitalize the defendant for treatment in a suitable facility" for a "reasonable period of time, not to exceed four months" to "determine whether there is a substantial probability" that the defendant will regain competency to stand trial "in the foreseeable future." 18 U.S.C. § 4241(d)(1) (emphasis added). Under this provision, "The district court's responsibility is to make the appropriate determination that the defendant is mentally incompetent. The court has no role in determining the 'suitable facility.'" *United States v. Quintero*, 995 F.3d 1044, 1050 (9th Cir. 2021).

The Court recognizes that pretrial detention of Mr. Hill is an unideal outcome. However, as all the appellate courts to address the issue have found, this Court's hands are tied by the unambiguous language of the statute. *See, e.g.*, *United States v. McKown*, 930 F.3d 721, 727 (5th Cir. 2019) ("[U]nlike the court's discretion to confine a defendant before an initial competency hearing, commitment is mandatory upon a finding of incapacity." (citation omitted)); *United States v. Brennan*, 928 F.3d 210, 215 (2d Cir. 2019) ("[B]ecause the district court determined that [the defendant]

3

was presently incompetent, [the defendant's] commitment was constitutional and statutorily mandated."); *United States v. Dalasta*, 856 F.3d 549, 553 (8th Cir. 2017) ("[The Eight Circuit] has agreed that § 4241(d) imposes a mandatory duty to commit a defendant who is found incompetent to the custody of the Attorney General, even if there is undisputed medical evidence that the defendant cannot be restored to competency."); *United States v. Anderson*, 679 F. App'x 711, 712–13 (10th Cir. 2017) ("The language in § 4241(d) is unambiguous and mandatory—after finding that [the defendant] was mentally incompetent to stand trial, the district court was required to commit [the defendant] to the Attorney General's custody."); *United States v. Donofrio*, 896 F.2d 1301, 1303 (11th Cir. 1990) ("Once the court found by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to stand trial, then it was required "to commit the defendant to the custody of the Attorney General."); *United States v. Shawar*, 865 F.2d 856, 861 (7th Cir. 1989) ("The statute makes it clear . . . that once a defendant is found incompetent, the Government is entitled to an in-depth evaluation of him, in order to determine whether he is likely to recover.").

Notably, the Ninth Circuit recently rejected the exact arguments Mr. Hill presents. First, like Mr. Hill does here, the defendant in *United States v. Quintero*

4

argued that Section 4241(d) is ambiguous with respect to "custody" and "hospitalize" given how they are defined in other statutes. 995 F.3d at 1050. In rejecting that argument, the Ninth Circuit found that "[i]f there is discretion here, it rests with the Attorney General." *Id*. Second, the *Quintero* defendant asserted that the automatic hospitalization of defendants violates the separation of powers. *Id*. However, as the Ninth Circuit noted, "The statute does not enjoin the Attorney General to choose the least restrictive treatment." *Id.* at 1051. Third, the *Quintero* defendant contended that mandatory commitment raises both substantive and procedural due process concerns. *Id*. The Ninth Circuit found that the statute does not violate substantive due process because defendants are entitled to an individualized competency determination and their custody is only temporary and may lead to release if the restoration process is unsuccessful. *Id.* at 1053. Similarly, the Ninth Circuit determined that the statute does not violate procedural due process because "Section 4241 provides extensive safeguards to ensure that commitment is justified," and the commitment is durationally limited. *Id.* at 1055. Finally, the Ninth Circuit rejected the *Quintero* defendant's equal protection argument because, *inter alia*, the situations addressed by Section 4241 and 18 U.S.C. § 3142(e)(1) (which provides for pretrial detention under the Bail Reform Act) or 18 U.S.C. § 4246 (which provides for the further hospitalization of persons due to be released

5

from incarceration) are "obvious[ly] . . . not comparable for equal protection purposes." *Id.* at 1057.

The Court finds this reasoning persuasive. As such, the Court concludes that it must commit Mr. Hill to the custody of the Attorney General. In doing so, the Court notes there is "no impediment in the statute to the Attorney General—in his discretion, not [the Court's]—choosing outpatient treatment as the 'suitable facility.'" *Id.* at 1054 (quoting 18 U.S.C. § 4241(d)) (citing 18 U.S.C. § 4247(a)(2)).

Accordingly, **IT IS HEREBY ORDERED** that Defendant Hill is **COMMITTED** to the custody of the Attorney General. Mr. Hill **SHALL SELF-SURRENDER** to the United States Marshals Service ("USMS"), or its designee, at the United Stated District Courthouse in Detroit, Michigan or at a suitable facility selected by the Attorney General or the Federal Bureau of Prisons ("BOP") at a date and time set by the Attorney General, the "BOP", or the USMS. If Mr. Hill self-surrenders to the United States District Courthouse in Detroit, the USMS, or its designee, shall transport Mr. Hill to the suitable facility. Mr. Hill shall be hospitalized at the suitable facility for treatment for a reasonable period of time, not to exceed four months from the date of his hospitalization, to determine whether there is a substantial probability that in the foreseeable future Mr. Hill will attain the capacity to permit the proceedings to go forward.

**IT IS FURTHER ORDERED** that upon Mr. Hill's hospitalization, the Government **SHALL SUBMIT** regular reports to the Court regarding the status of Mr. Hill's competency restoration at thirty-day intervals. *See United States v. Filippi*, 211 F.3d 649, 652 (1st Cir. 2000).

**IT IS FURTHER ORDERED** that the period from the date of this order until the determination and disposition of Mr. Hill's mental capacity as outlined in 18 U.S.C. § 4241(d) shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A), (h)(1)(F), and (h)(4).

**IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: December 29, 2022

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 29, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager