UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

ROBERT "UNC" HILL,

    *Defendant.*
_____/

Case No. 2:21-cr-20307

District Judge
Gershwin A. Drain

Magistrate Judge
Kimberly G. Altman

## OPINION AND ORDER

Today the Court must determine whether Robert "Unc" Hill ("Defendant") has been restored to mental competency and is fit to stand trial. On June 6, 2022, the Court entered an Order for psychiatric or psychological examination after finding that Defendant was potentially suffering from a mental defect. ECF No. 158. The parties agreed that Certified Forensic Examiner Jay S. Witherell, Ph.D would conduct the examination pursuant to 18 U.S.C. §§ 4241(b), 4247(b) and (c). *Id.* Witherell concluded that he was suffering from a mental disease rendering him incompetent. ECF No. 192, PageID.1028. Neither party contested this conclusion, and both sides agreed at Defendant's subsequent competency hearing that he was incompetent to stand trial. *Id.*

On December 29, 2022, the Court ordered that Defendant be committed to the custody of the Attorney General for competency restoration proceedings in a Bureau

of Prisons ("BOP") facility. ECF No. 217, PageID.1224. Once space for Defendant's hospitalization became available, he self-surrendered on September 25, 2023. ECF No. 309, PageID.1861. On this date, he entered the custody of Federal Medical Center ("FMC") Butner for continued hospitalization, study, and treatment to restore his competency to stand trial. The study period ended on January 22, 2024, and FMC Butner issued a 31-page report detailing Defendant's examination, which the Court now considers.

## I. LEGAL STANDARD

The Due Process Clause of the Fourth Amendment prohibits the criminal prosecution of any defendant who is not competent to stand trial. *Medina v. California*, 505 U.S. 437, 439 (1992). A defendant is competent to stand trial if "he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and if he has a rational as well as factual understanding of the proceedings against him." *Mallett v. United States*, 334 F.3d 491, 494 (6th Cir. 2003) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)).

## II. DISCUSSION

Defendant was evaluated by Marina Mukhin, PsyD, Forensic Psychologist and by Tracy O'Connor Pennuto, J.D., Ph.D, Neuropsychologist throughout the study period. Their report provides Defendant's family and educational background as well as his criminal history and psychiatric history. He reportedly completed the

2

8th grade and later received a GED while in prison in the 1970s. According to interviews with his wife, Defendant has never been diagnosed with a learning disability and has never received special education services.

The report indicates that throughout Defendant's treatment, he assertedly could not understand or remember basic information, including the purpose of the study, the limits of confidentiality, his personal details (like his birthday), the year, the charges against him, the name of his attorney, or even how to read. Defendant also presented poorly in group sessions, as he reportedly "sat 'passively in a chair off to the side showing little effort to engage and only responding when directly called by name multiple times.'" He was known to reflexively respond "I don't know" or "I don't understand" when prompted to answer questions, further displaying his unwillingness to participate.

It is noted that after ongoing treatment, Defendant showed improved engagement and cognitive ability. By December 2023, he could identify the roles of courtroom personnel and understood the basic function of the criminal justice system. By January 2024, he "denied there being any specific topics pertaining to competency with which he continued to struggle," could recall personal details, and demonstrated familiarity with the criminal proceedings before him.

i. **Defendant's Competency**

The competency opinion was developed in part through psychological and

neuropsychological observation and evaluations. Per the report, this analysis was frequently obstructed by Defendant's insistence that his memory was failing him. He was thus administered several tests between November 2023 and January 2024 that were meant to assess how accurately he was reporting his cognitive struggles. Defendant's performance during these tests suggested that his reported cognitive issues were overrepresented because of his insufficient motivation and effort in the evaluation, which "raised the possibility of feigned and/or exaggerated endorsement of impairment in cognitive function." Dr. Pennuto arrived at this conclusion after Defendant's neuropsychological evaluation, noting that "[a]lthough some cognitive deficits are likely present given his medical history, they do not rise to the level of compromise endorsed by Mr. Hill." Despite these findings, Defendant was not assigned a malingering diagnosis because of his increased effort toward the end of the evaluation.

Defendant further underwent a forensic assessment to measure whether he can understand the nature and consequences of court proceedings and whether he can actively assist his attorney in his defense. During the study, Defendant could explain the charges against him, the potential pleas he could enter in court, and the various roles of court officials. He could also successfully describe the meaning and purpose of evidence in a trial and the potential evidence in his own case, as well as the strength of evidence required to support a guilty verdict. Lastly, the report found that

4

Defendant can actively assist his defense attorneys. The doctors observed that he could identify his attorneys, expressed a willingness to consult with them on his defense strategy, and understood the attorney-client privilege.

For these and other reasons, the report concluded that "[t]here were no deficits in his ability to rationally consider possible outcomes in his case based on purported evidence" and that "[i]n terms of capacity to testify, challenging prosecution witnesses, and exhibiting appropriate behavior Mr. Hill presented with no significant deficits." It was found that Defendant is competent to proceed, as he "does not currently suffer from a mental disease or defect that would interfere with his trial competency."

The Court held a competency hearing on March 13, 2024. Neither party contested the findings in the report or that Defendant has been restored to competency. Thus, as stated on the record at the hearing, the Court accepts and adopts the findings of doctors Mukhin and Pennuto.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Defendant's competency has been restored such that he has a rational and factual understanding of the nature and consequences of the charges and proceedings against him. Further, Defendant is now competent such that he can properly assist in his own defense. Accordingly, Defendant is competent to stand trial.

**IT IS SO ORDERED**.

Dated:  March 27, 2024  /s/ Gershwin A. Drain
GERSHWIN A. DRAIN
U.S. DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 27, 2024, by electronic and/or ordinary mail.
/s/Lisa Bartlett
Case Manager